Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Dina G. Aouad – 036249
daouad@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

Attorneys for Plaintiff Reliance Hospitality Group, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Reliance Hospitality LLC, d/b/a Reliance Hotel Group, a Delaware limited liability company,<br><br>Plaintiff<br><br>vs.<br><br>Pramukhraj Irving, LLC dba Hyatt Place Houston North, a Texas limited liability company,<br><br>Defendant | No.<br><br>**COMPLAINT** |

Plaintiff Reliance Hospitality, LLC ("Plaintiff" or "Reliance") for its Complaint against Pramukhraj Irving, LLC ("Defendant") alleges as follows:

**INTRODUCTION**

1. This action arose when Defendant improperly terminated its hotel management agreement with Reliance (the "Agreement"). Reliance seeks to enforce the Agreement—which has nearly two years and more than $100,000 left in management fees to be paid to Reliance.

**PARTIES AND JURISDICTION**

2. Plaintiff is a Delaware limited liability company with corporate headquarters in Phoenix, Arizona, and primarily conducts its business in Phoenix, Arizona.

3. Defendant is a Texas limited liability company that owns and operates a hotel in Houston, Texas.

4. In September 2019 representatives of Defendant flew to Arizona to meet with Reliance's executive management team for the purpose of determining whether Reliance was the right fit to manage their hotel in Houston.

5. During that visit Defendant's representatives were presented with the Agreement to review and sign. Shortly after arriving back in Texas Defendant faxed the signed Agreement to Reliance.

6. Throughout their contractual relationship Defendant either wired their monthly payment to Reliance's bank which is located in Arizona or they mailed the monthly management fees to Reliance's headquarters in Arizona.

7. The Agreement also provides that any dispute arising from the Agreement would be governed by Arizona law.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because Reliance resides in Arizona and the Defendant has had sufficient minimum contacts with the State of Arizona that they could reasonably anticipate being hailed into court there and defending this this lawsuit in Arizona does not offend traditional notions of fair play and substantial justice.

## FACTUAL BACKGROUND

### The Agreement

10. Defendant signed the Agreement on September 17, 2019.

11. The Original Term of the Agreement commenced on September 17, 2019 and expired on September 17, 2021.

12. Section 2.2 of the Agreement provides that the Agreement

7920444v1(70681.2)

automatically renews for a renewal term of two years following the end of the Original Term unless either party to this Agreement notifies the other party no less than one hundred twenty (120) days before the expiration of the Original Term.

13. The Agreement stated that Reliance would provide hotel management services to Defendant for the Hyatt Place Houston-North located at 300 Ronan Park Place, Houston, Texas 77060.

14. Reliance's contractual duties were to "direct, supervise, manage and operate the Hotel in all aspects in an efficient and economical manner…and to determine and administer the programs and policies to be followed in connection therewith."

15. Section 7.1 of the Agreement provides that Defendant would pay Reliance a monthly management fee equal to 2.5% of total hotel revenue or $5,000, whichever is greater. Defendant was also contractually obligated to pay to Reliance a monthly Shared Services Fee equal to $1500 which covered the accounting support services for the hotel.

16. Section 9.1 of the Agreement provides that Defendant may only terminate the Agreement, effective immediately, by reason of the gross negligence, willful misconduct or fraud by Reliance.

17. Section 14.7 of the Agreement provides that the Agreement shall be governed by, construed and enforced accordance with the laws of the State of Arizona.

Defendant's wrongful termination of the Agreement

18. On August 31, 2021, Defendant sent a Notice of Termination to Reliance (the "Notice").

19. The Notice alleged that Reliance committed "gross negligence, willful misconduct, and fraud" and gave the following examples: "daily deposits missing money, increasing operating costs of water and utility bills due to unrepaired

plumbing in the kitchen, failure to properly maintain the property and failure to consistently have a General Manage present at the property throughout 2020."

20. None of the "examples" cited in the Notice are true, and even if they were true, do not amount to "gross negligence, willful misconduct, and fraud."

21. The Agreement automatically renewed for an additional two years (through September 2023) because Defendant did not notify Reliance more than 120 days before the automatic renewal deadline.

22. Defendant's wrongful termination of the Agreement was a material breach.

23. Defendant's breach caused Reliance to suffer monetary damages.

## COUNT I
**Breach of Contract**

24. Reliance hereby incorporates all preceding paragraphs by reference.

25. The Agreement is an enforceable contract.

26. Defendant breached the Agreement by wrongful terminating the Agreement.

27. Defendant's breach caused Reliance to suffer damages.

28. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341 *et seq*.

## COUNT II
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

29. Reliance hereby incorporates all preceding paragraphs by reference.

30. Every contract governed by Arizona law contains an implied covenant of good faith and fair dealing.

31. Defendant breached the implied covenant of good faith and fair dealing by wrongfully terminating the Agreement without justification.

32. Defendant's breach prevented Reliance from realizing its anticipated

benefits of the Agreement.

33. Defendant breach caused Reliance to suffer damages.

34. Reliance is entitled to its reasonable attorneys' fees and costs pursuant to A.R.S. § 12.341 *et seq.*

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

1. For compensatory and expectation damages in an amount to be proven at trial;

2. For an award of attorneys' fees and costs;

3. For pre-judgment and post-judgment interest in the maximum amount allowed under the law; and

4. Such other relief as the Court may deem proper.

RESPECTFULLY SUBMITTED this __ day of October, 2021.

        JENNINGS, STROUSS & SALMON, P.L.C.

        By *s/ Lindsay G. Leavitt*
           Lindsay G. Leavitt
           Dina G. Aouad
           One East Washington Street, Suite 1900
           Phoenix, Arizona  85004-2554
           *Attorneys for Plaintiff*

7920444v1(70681.2)